## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Eisai Inc., | Civil Action No. 08-4168 (MLC/JJH) |
| Plaintiff, | |
| v. | |
| sanofi-aventis U.S. LLC, and sanofi-aventis U.S. Inc., | **JOINT RULE 26(f) PLAN** |
| Defendants. | |

1.    **A brief factual statement of the claims or defenses in the action, as well as a brief statement of the legal issues in the case.**

In this action, Eisai alleges that sanofi-aventis U.S.'s contracting practices for the anticoagulant drug Lovenox® violate Sections 1 and 2 of the Sherman Act, Section 3 of the Clayton Act, and the New Jersey Antitrust Act, N.J.S.A. 56:9-3, -4. Eisai seeks injunctive relief, treble damages, attorneys fees and costs of suit.

Sanofi-aventis U.S. has not yet filed an Answer in this action. Rather, on October 27, 2008, sanofi-aventis U.S. moved for a dismissal of the Complaint for failure to state a claim upon which relief could be granted. Eisai has opposed the motion to dismiss.

As of the date of the filing of this Plan, the Court has not adjudicated sanofi-aventis U.S.'s motion to dismiss.

2.    **A description of all discovery conducted by the parties to date.**

On March 13, 2009, the parties will exchange initial disclosures pursuant to Federal Rule Civil Procedure 26(a)(1). Pursuant to the Court's Order dated February 3, 2009, the parties have not propounded any further discovery or discovery requests.

3.     **A description of all discovery problems encountered to date, the efforts undertaken by the parties to remedy these problems, and the parties' suggested resolution of these problems.**

No discovery problems have been encountered to date.

4.     **A description of the parties' further discovery needs.**

At this stage of the litigation, the parties anticipate that fact discovery will take approximately 9 months, and that all discovery will be completed within approximately 12 months. The parties have the following disagreements regarding the proposed case schedule:

- The parties disagree as to whether there should be a production of any documents identified as part of the Rule 26(a)(1) disclosures before formal discovery requests are propounded. As to the Rule 26(a)(1) disclosures, although the parties have agreed that a description of the documents that the parties will rely upon in support of their claims and/or defenses is to be exchanged on March 13, 2009 and that no actual production of such documents is required before the Initial Scheduling Conference, Eisai contends that the actual production of those documents identified as part of the Rule 26(a)(1) disclosure should occur after the Initial Case Scheduling Conference, but before formal discovery begins. Eisai also contends that formal discovery should commence following the L. Civ. R. 16.1(a)(1) Initial Scheduling Conference on a date to be determined by the Court and that the Court has not stayed discovery. Further, Eisai contends that production of all documents identified in Rule 26(a)(1) disclosures should be made within thirty (30) days of the Initial Scheduling Conference. Sanofi-aventis U.S. contends that no such production is required under Rule 26(a)(1) and should not be required before formal written discovery requests are propounded. The date which is designated by the Court at

the Initial Scheduling Conference as the date on which formal discovery should begin is referred to herein as the "Discovery Begin Date."

- The parties disagree on when formal discovery should begin. Eisai maintains that formal discovery should commence upon the Discovery Begin Date as set by the Court at the L. Civ. R. 16.1(a)(1) Initial Scheduling Conference. Sanofi-aventis U.S. contends that discovery should not begin until after adjudication of the pending motion to dismiss, and then only if the motion is denied.

- The parties further disagree on the date for completing the production of any responsive documents, not otherwise subject to an objection. Eisai contends that the production of all responsive documents, not otherwise subject to an objection should be completed thirty (30) days after the service of objections and written responses. Sanofi-aventis U.S. contends that production of any non-objectionable responsive documents should commence within a reasonable period.

The parties agree that the parties should be initially limited to 15 fact witness depositions per party. The parties further agree that each party may propound up to 25 interrogatories, including subparts, on another party. In addition, the parties agree there shall be no limitation on other written discovery instruments. If either party believes additional depositions are needed, the parties will attempt to reach an agreement with regard to same before making any application of the Court.

5.    **The parties' estimate of the time needed to complete discovery.**

The following is a proposed schedule that sets forth the discovery obligations of the parties and the respective dates:

The parties could not reach an agreement regarding the Rule 26(a)(1) initial discovery obligations of the parties.  Eisai proposes the following:

| | | |
|---|---|---|
| Deadline to Produce Copies of Rule 26(a)(1) Documents | : | 30 days from Initial Scheduling Conference |

Sanofi-aventis U.S. proposes that no documents be produced as part of the Rule 26(a)(1) initial discovery disclosures.

**Eisai proposes the following formal discovery deadlines to take place after the Discovery Begin Date:**

| | | |
|---|---|---|
| Deadline to Serve Initial Objections and Written Responses and Documents in Response to Discovery Requests that are not the subject of objection<br>- Interrogatories<br>- Requests to Produce with all documents<br>- not subject to an Objection | : | 30 days from the date such instruments are served |
| Parties to attempt to reach Agreement upon Discovery Responses and Production of Documents that are subject to objection and production of all privilege logs | : | 30 Days from Service of Objections and Written Responses to Interrogatories, and Requests to Produce Documents |
| Parties to File Discovery Motions for Discovery Requests which are Subject to Objections | : | Within 45 days of service of Interrogatories, and Requests to Produce Documents |
| All Discovery Responses and Documents be produced by All Parties | : | 6 months from Discovery Begin to Date |
| Deposition Discovery to Begin Date | : | 6 months from Discovery Begin |

**Sanofi-aventis U.S. proposes the following formal discovery deadlines to take place after the Discovery Begin Date:**

| | | |
|---|---|---|
| Deadline to Serve Initial Written Discovery Instruments<br>- Interrogatories<br>- Requests to Produce | : | 30 days from Discovery Begin Date |
| Deadline to Serve Objections and Written Responses to discovery requests that are not the subject of objection | : | 30 days from the date such instruments are served |
| Production of any non-objectionable responsive documents | : | Within a reasonable period |

**The parties agree to the following discovery deadlines:**

| | | |
|---|---|---|
| Adoption of protocol for production of Electronically Stored Information ("ESI") | : | 30 days from Initial Scheduling Conference |
| Deadline to Move to Amend or Join New Parties | : | 30 days from Discovery Begin Date |
| Requests to Admit | : | May be served by any party after the Discovery Begin Date and before the Close of Expert Discovery and answers thereto are due 30 days after service of same. |
| Close of Fact Discovery | : | 9 months from Discovery Begin Date |
| Deadline for Designation of Plaintiff's Expert Witnesses and Rule 26(a)(2) Information | : | 2 months from Close of Fact Discovery |
| Deadline for Designation of Defendants' Rebuttal Experts and Rule 26(a)(2) Information | : | 2 months from Plaintiff's Rule 26(a)(2) Designations |
| Deadline for Service of Any Reply Expert Reports | : | 1 month from Defendants' Rule 26(a)(2) Designations |
| Close of Expert Discovery | : | 1 month from Date of Service of Reply Expert Reports |

| | | |
|---|---|---|
| Deadline for filing Dispositive Motions | : | 2 months from Close of Expert Discovery |
| Meet and Confer in Preparation for Pre-trial Order | : | 30 days  from the filing of Dispositive Motions |
| Submission of any and all motions in limine, the pre-trial order, common jury instructions and verdict forms, and identify all areas of dispute | : | 30 days from the Meet and Confer for the Pre-trial Order |
| Final Pre-Trial Conference | : | 60 days from the Meet and Confer For the Pre-trial Order |
| Trial | : | 30 days from the Final Pre-Trial Conference |

6.    **A statement regarding whether expert testimony will be necessary, and the parties' anticipated schedule for retention of experts and submission of their reports.**

The parties anticipate retaining expert witnesses on liability and damages.  The proposed schedule set forth in Item 5 offers specific deadlines for designation of expert witnesses and production of expert reports.

7.    **A statement regarding whether there should be any limitation placed upon use of any discovery device, and, if so, the reasons the limitation is sought.**

The parties do not anticipate the need for any limitation on any discovery device beyond those set forth in the Federal Rules of Civil Procedure.

8.    **A description of any special discovery needs of the parties (e.g., videotape, telephone depositions, or problems with out-of-state witnesses or documents, etc.).**

The parties do not currently anticipate any special discovery needs.

9.      **Whether the case should be designated for arbitration, mediation, appointment of a special master or other special procedure.**

The parties do not presently believe that the case requires arbitration, mediation, appointment of a special master or other special procedure.

| | |
|---|---|
| **COUGHLIN DUFFY LLP**<br><br>By:_____<br>  Timothy I. Duffy<br>  Jason Meisner<br>  Joseph C. Amoroso<br><br>  350 Mount Kemble Avenue<br>  Morristown, NJ 07962<br>  (973) 267-0058<br><br>  Attorneys for Plaintiff Eisai Inc. | **CONNELL FOLEY LLP**<br><br>By:_____<br>  Liza M. Walsh<br><br>  85 Livingston Avenue<br>  Roseland, New Jersey 07068<br>  (973) 535-0500<br><br>  Attorneys for Defendants<br>  sanofi-aventis U.S. LLC and<br>  sanofi-aventis U.S. Inc. |
| **WILSON SONSINI GOODRICH &<br>ROSATI P.C.**<br><br>By:_____<br>  Jonathan M. Jacobson<br>  Sara Walsh<br><br>  1301 Avenue of the Americas,<br>  40th Floor<br>  New York, New York 10019<br>  (212) 497-7700<br><br>  Attorneys for Plaintiff Eisai Inc. | **CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP**<br><br>By:_____<br>  David I. Gelfand<br>  Patricia M. McDermott<br><br>  2000 Pennsylvania Avenue, NW<br>  Washington, DC 20006<br>  (202) 974-1500<br><br>  Attorneys for Defendants<br>  sanofi-aventis U.S. LLC and<br>  sanofi-aventis U.S. Inc. |
| **WILSON SONSINI GOODRICH &<br>ROSATI P.C.**<br><br>By:_____<br>  Seth C. Silber<br><br>  1700 K Street, N.W., 5th Floor<br>  Washington, D.C. 20006<br>  (202) 973-8800<br><br>  Attorneys for Plaintiff Eisai Inc. | |