Case 3:08-cv-04168-MLC-DEA Document 68-2 Filed 08/26/2009 Page 1 of 16

RECEIVED
AUG 27 2009
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Eisai Inc.,

        Plaintiff,

v.

sanofi-aventis U.S. LLC, and
sanofi-aventis U.S. Inc.,

        Defendants.

Civil Action No. 08-4168 (MLC/DEA)

**DISCOVERY CONFIDENTIALITY ORDER**

The parties having stipulated to the entry of this Discovery Confidentiality Order pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5.3, and it appearing that such an Order is necessary, appropriate, and will facilitate the orderly completion of discovery,

IT IS HEREBY ORDERED that the following provisions shall govern the pretrial disclosure and use by the parties of all documents, electronically stored information ("ESI"), deposition testimony, and all other information obtained during discovery, including copies, excerpts or summaries thereof, as well as testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material:

## 1. DEFINITIONS

    1.1.  <u>Confidential Information</u>: information, testimony, or tangible things obtained during discovery in this action that reveal a trade secret, or other proprietary research, development, manufacturing, or commercial or business information that is commercially sensitive, or that otherwise is entitled to protective treatment under Federal Rule of Civil

1

Procedure 26(c), and personal information that is protected from disclosure by statute, regulation, or is otherwise entitled to protection from public disclosure.

1.2. <u>Counsel (without qualifier)</u>: Outside Counsel and In House Counsel, including Limited-In-House Counsel (as well as their support staffs).

1.3. <u>Discovery Material</u>: all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this action.

1.4. <u>Expert</u>: a person, who is not an owner, director, officer, or employee of a Party, who has specialized knowledge or experience in a matter pertinent to the litigation, including his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes without limitation professional jury or trial consultants retained in connection with this action.

1.5. <u>Highly Confidential – Outside/Limited Counsel Only Information</u>: Confidential Information, such as materials containing cost or price data or other highly competitively sensitive information, the disclosure of which is likely to create a substantial risk of causing the Producing Party to suffer a significant competitive or commercial disadvantage.

1.6. <u>In-House Counsel</u>: attorneys, paralegals, and other legal department personnel who are employees of a Party, to whom disclosure of Discovery Material is reasonably necessary for this action.

1.7. <u>Limited In-House Counsel</u>: attorneys who are employees of a Party and who are directly involved in or maintain responsibility overseeing this action.

1.8. <u>Outside Counsel</u>: attorneys, paralegals, and other support personnel who are not employees of a Party, but who are retained to represent or advise a Party in this action.

1.9. <u>Party</u>: any named party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.10. <u>Producing Party</u>: a Party or non-party that produces Discovery Material in this action.

1.11. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; or organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

1.12. <u>Protected Material</u>: any Discovery Material that is designated as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" in accordance with this Order or any other order of the Court.

1.13. <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party in this action.

## 2. USE OF CONFIDENTIAL DISCOVERY MATERIAL

Protected Material may be used only for the purpose of preparing for and conducting this civil action, *Eisai Inc. v. sanofi-aventis U.S. LLC*, Civil Action No. 08-4168 (D.N.J.) (MLC), including trials and any appeals therefrom, and shall not be used in any other civil action or for any other purpose. Protected Material may not be disclosed except in accordance with the terms of this Order.

## 3. DESIGNATING MATERIAL

3.1. The Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" as specified below. The Producing Party shall apply a confidentiality designation only when the Producing Party has a reasonable, good faith belief that the information so designated constitutes "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" material.

3.2. <u>Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material must be designated for protection under this Order by clearly marking the material before it is disclosed or produced.

3.3. <u>Manner of Designations.</u> The Designation of Materials as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" shall be made as set forth below, and imprinted in such manner so as not to obliterate or obscure any written matter:

(a) for documents or ESI, by imprinting the word(s) "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" on the face of each page of a document so designated or in a similarly conspicuous location;

(b) for written discovery responses, by imprinting the word(s) "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" next to or above any response to a discovery request or on each page of a response;

(c) in the case of deposition or other testimony, by indicating on the record at the deposition or by notifying the other Parties in writing within thirty (30) days of receipt of the official transcript or recording which transcript, recording, or exhibits should be treated as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only." Until the expiration

4

of such 30-day period, the entire text of the deposition or other proceeding, including exhibits, shall be treated as "Highly Confidential – Outside/Limited Counsel Only."

3.4. <u>Inadvertent Failure to Designate Protected Material</u>. In the event that the Producing Party inadvertently fails to designate Discovery Material as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only," it may make such a designation subsequently by notifying in writing all Receiving Parties, as soon as practicable. After receipt of such notification, the Receiving Parties shall treat the designated Discovery Material as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" as subsequently designated, subject to their right to dispute such designation in accordance with Paragraph 9.

## 4. DISCLOSURE OF PROTECTED MATERIAL

4.1. <u>Disclosure of Confidential Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated as "Confidential" only to:

    (a) the Receiving Party's Outside Counsel;

    (b) the Receiving Party's In-House Counsel;

    (c) executives employed by the Receiving Party who are required to participate in decisions with reference to this lawsuit;

    (d) a deponent who was involved in the subject matter described in the information or item;

    (e) any Expert to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A);

(f) subject to an application to seal pursuant to Local Civil Rule 5.3, the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(g) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(h) any person who Counsel have a good faith basis to believe authored or previously received the material;

(i) any person who is an employee of the Producing Party, or a former employee of the Producing Party (if they were employed by the Producing Party when the Confidential Information was created);

(j) deponents not otherwise authorized to receive Confidential Information pursuant to Paragraph 4.1(a)-(i), subject to the Producing Party's consent or court order under the terms of Paragraph 7.3, provided the deponent has first signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A); and

(k) such other persons as Counsel for the Producing Party shall consent to in writing before the proposed disclosure.

4.2. <u>Disclosure of "Highly Confidential – Outside/Limited Counsel Only" Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or items designated "Highly Confidential – Outside/Limited Counsel Only" only to:

(a) the Receiving Party's Outside Counsel;

(b) the Receiving Party's Limited In-House Counsel;

[Washington DC #420094 v1]

(c) any Expert to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A);

(d) subject to an application to seal pursuant to Local Civil Rule 5.3, the Court and its personnel in this action, including any relevant appellate court, in the event that any portion of this action is appealed;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) any person who Counsel have a good faith basis to believe authored or previously received the material;

(g) any person who is an employee of the Producing Party, or a former employee of the Producing Party (if they were employed by the Producing Party when the Highly Confidential – Outside/Limited Counsel Only Information was created); and

(h) deponents not otherwise authorized to receive Highly Confidential – Outside/Limited Counsel Only Information pursuant to Paragraph 4.2(a)-(g), subject to the Producing Party's consent or court order under the terms of Paragraph 7.3, provided the deponent has first signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A);

(i) such other persons as Counsel for the Producing Party shall consent to in writing before the proposed disclosure.

4.3. Nothing in this Order shall prevent or restrict Counsel for any Party or non-party in any way from inspecting, reviewing, using, or disclosing Discovery Material

7

produced or provided by that Party or non-party, including Discovery Material designated as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only."

4.4. Nothing in this Order shall prevent or restrict Counsel for any Party from giving advice or opinions to his or her client solely relating to this action based on his or her evaluation of Discovery Material designated as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only," provided that such advice and opinions shall not reveal the content of such materials so designated except in the manner provided for in this Discovery Confidentiality Order, or by written agreement of Counsel for the Parties or Order of the Court.

4.5. No disclosure pursuant to this Paragraph shall waive any rights or privileges of any Party granted by this Order.

## 5. RESPONSIBILITY FOR COMPLIANCE

All Parties and their respective Counsel, paralegals, and the employees and assistants of all Counsel receiving Protected Material shall take all steps reasonably necessary to prevent the disclosure of Protected Material other than in accordance with the terms of this Order. Each person who is permitted to see Protected Material shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidentiality designation.

## 6. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

6.1. Consistent with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B), inadvertent production of documents, ESI, or other information subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery (hereinafter "Inadvertently Produced Material"), shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing within fourteen (14) days of discovery of the inadvertent production. Within five (5)

8

[Washington DC #420094 v1]

business days of such notification, such Inadvertently Produced Material and all copies thereof shall be returned to the Producing Party, all notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed, such returned or destroyed material shall be deleted from any litigation-support or other database, and the Receiving Party shall provide a certification of Counsel that all such Inadvertently Produced Material has been returned or destroyed. In addition, the Receiving Party must take all reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified of the inadvertent production.

6.2. If the Receiving Party elects to file a motion pursuant to Paragraph 5.4 below, the Receiving Party may retain a copy of the Inadvertently Produced Material pending the resolution by the Court of any such motion.

6.3. No use shall be made of Inadvertently Produced Material, including during depositions or at trial, nor shall such material be disclosed to anyone who was not given access to them prior to the request to return or destroy them.

6.4. The Party receiving such Inadvertently Produced Material may, after receipt of the Producing Party's notice of inadvertent production, dispute the claim of privilege or immunity by presenting the dispute to the Court by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1) and any applicable Case Management Orders. A motion may be filed with the Court thereafter. However, the motion shall not assert as a ground therefore the fact or circumstances of the inadvertent production. Any such motion shall present the Inadvertently Produced Material under seal in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Local Civil Rule 5.3. If the Receiving Party's motion is denied, the Receiving Party shall comply with the provisions of Paragraph 5 within five (5) business days of the Court's ruling.

9

[Washington DC #420094 v1]

## 7. CONFIDENTIALITY OF DEPOSITIONS

7.1. Protected Material disclosed at the deposition of any person who is at the time of examination or was previously employed by, an agent of, or affiliated with the Producing Party or any division, subsidiary, parent, or affiliate of the Producing Party, or of Experts retained by Counsel for any Party for purposes of this litigation, including both testimony and exhibits, may be designated as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" in accordance with Paragraphs 3.3(c).

7.2. This Discovery Confidentiality Order shall not prevent a Party from attempting to examine as witnesses at depositions persons who are not authorized, pursuant to Paragraph 4, to receive material or information designated as Protected Material of which the witness has prior knowledge, as demonstrated by the document itself, or by foundation testimony at deposition, or by other circumstances showing that the witness would reasonably be expected to have had prior access to the Protected Material, or is otherwise familiar with the Protected Material, but only to the extent of that person's familiarity.

7.3. If any Party desires to disclose Protected Material to a deponent who is not otherwise authorized to receive Protected Material, the disclosing Party shall notify the Producing Party of its desire to disclose such material no later than 5 business days prior to the scheduled deposition date. Such notice shall identify the specific individual to whom the Protected Material is to be disclosed. The Producing Party may object to the disclosure of the Protected Material no later than 2 business days prior to the scheduled deposition date by providing the disclosing Party a written statement of the reasons for objection. If the Producing Party timely objects, the disclosing Party shall not disclose the Protected Material to the identified individual, absent an agreement with the Producing Party or Order of the Court. The

10

Producing Party lodging an objection and the disclosing Party shall meet and confer in good faith in an attempt to determine the terms of disclosure to the identified deponent. If, prior to the scheduled deposition date, the parties have not resolved their differences, the disclosing Party may make seek a ruling from the Court. If the Producing Party does not object to the disclosure of Protected Material to the identified deponent at least 2 business days prior to the scheduled deposition date, the disclosing Party may disclose the Protected Material to the identified deponent, provided that the deponent has signed the "Agreement to Be Bound by Discovery Confidentiality Order" (Exhibit A). A party's failure to strictly comply with the time requirements set forth herein, despite diligent and good faith efforts, shall not prevent the parties from reaching an agreement as to disclosure and shall not prevent the disclosing Party from seeking an Order of the Court, provided the Producing Party has received sufficient notice such that the Producing Party may make an informed decision about the propriety of such disclosure.

7.4. This Discovery Confidentiality Order shall not prevent counsel from examining a witness to determine whether he or she has prior knowledge of Protected Material, provided such examination is in a manner that does not disclose the details of the Protected Material. In obtaining foundation testimony at deposition, if the examiner first establishes that the witness previously had authorized access to the subject material or information designated as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only," the witness may be shown the Protected Material as may be reasonably necessary to determine whether the witness had prior knowledge of the subject material or information.

7.5. Notwithstanding anything to the contrary in this Discovery Confidentiality Order, any deponent may review the transcript of his/her own deposition at any time.

11

## 8. DESIGNATION BY NON-PARTIES

Any non-party who is producing Discovery Material in this litigation may subscribe to and obtain the benefits of the terms and protections of this Order by designating Discovery Material that the non-party is producing as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" pursuant to the terms of this Order.

## 9. DISPUTES CONCERNING DESIGNATION OF PROTECTED MATERIAL

9.1. If, at any time, a Party wishes for any reason to dispute a designation of Discovery Material as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only," such Party shall notify the Producing Party of such dispute in writing, specifying by exact Bates numbers the Protected Material in dispute and the precise nature of the dispute with regard to each such document or other Discovery Material. If the Parties are unable amicably to resolve the dispute, within (10) days of the parties having met and conferred, the Receiving Party shall present the dispute to the Court by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1) and any applicable Case Management Orders before filing a motion.

9.2. All discovery material designated as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" under this Order, whether or not such designation is in dispute, shall retain that designation and be treated as Protected Material in accordance with the terms hereof unless and until:

> (a) the Producing Party agrees in writing that the material is no longer Protected Material and subject to the terms of this Order; or
>
> (b) twenty (20) days after the expiration of the appeal period of an Order of this Court that the matter shall not be entitled to "Confidential" or "Highly

12

Confidential – Outside/Limited Counsel Only" status (or such longer time as ordered by this Court) if the Order on appeal is not subject to a stay.

## 10. CONSENT TO JURISDICTION

All persons receiving or given access to Protected Material in accordance with the terms of this Order consent to the continuing jurisdiction of the Court for the limited purposes of enforcing this Order and remedying any violations thereof.

## 11. FILING UNDER SEAL

All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

## 12. NO EFFECT ON OTHER OBLIGATIONS

This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Order imply that Protected Material is properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing Party designates as Protected Material on any other ground it may deem appropriate. Neither the entry of this Order, nor the designation of any Discovery Material as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this or any other litigation.

## 13. NO PREJUDICE TO OTHER PROTECTIONS

The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection.

13

## 14. OBLIGATION OF GOOD FAITH

All Parties and Counsel in this litigation shall make a good faith effort to ensure that their Experts, employees, and agents comply with this Order. In the event of a change in Counsel, retiring Counsel shall fully instruct new Counsel of their responsibilities under this Order.

## 15. MODIFICATIONS/CONTINUING EFFECT

By written agreement of the Parties, or upon motion and order of the Court, the terms of this Discovery Confidentiality Order may be amended or modified. This Discovery Confidentiality Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this litigation. The Parties shall take such reasonable measures as are necessary and appropriate to prevent the disclosure of Protected Material, through inadvertence or otherwise, after the conclusion of this action.

## 16. RETURN OF CONFIDENTIAL DISCOVERY MATERIAL

Within 45 days of the termination of this action (including any appeals) or such other time as the Producing Party may agree in writing, the Parties shall return the Protected Material to Counsel for the Producing Party. Outside Counsel, however, shall not be required to return any pretrial or trial records regularly maintained by that Counsel in the ordinary course of business, which records will continue to be maintained as Protected Material in conformity with this Order.

## 17. RESPONSES TO SUBPOENAS OR OTHER PROCESS

If a Receiving Party or its Counsel or Expert is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization which calls for production of any Protected Material produced by another Party or non-party, the Party to

[Washington DC #420094 v1]

whom the subpoena or other process is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such document or information until ten (10) business days after notifying Counsel for the Producing Party in writing of all of the following: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena has been issued. The Party, Counsel, or Expert receiving the subpoena or other process shall cooperate, to the extent reasonably possible, with the Producing Party in any proceeding relating thereto.

## 18. INTRODUCING PROTECTED MATERIAL IN COURT PROCEEDINGS

A Party who seeks to introduce or discuss Protected Material at a hearing or other pre-trial proceeding shall advise the Court in advance that such information is Protected Material. Prior to disclosure of Protected Material at a hearing or other pre-trial proceeding, the Parties agree to confer in good faith with each other and the Court to prevent public disclosure of Protected Material. Where necessary, the Producing Party may seek further protections against public disclosure from the Court.

## 19. PRE-TRIAL APPLICATION ONLY

This Order shall apply to pre-trial proceedings in this action and shall have no application at trial. The Parties agree to confer in good faith on a protective order to govern during trial in this action. This Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered.

[Washington DC #420094 v1]

## 20. CERTAIN DISCOVERY MATERIAL NOT SUBJECT TO CONFIDENTIALITY

This Order shall not prevent any persons bound hereby from making use of information or documents without the restrictions of this Order if the information or documents are lawfully in their possession and/or lawfully obtained through discovery in this litigation in which such information was not designated as "Confidential" or "Highly Confidential – Outside/Limited Counsel Only" or subject to a protective order or confidential treatment, or where there has been a final judgment (including any appeal therefrom) declaring that such information or documents are not confidential.

## 21. RIGHTS OF PARTIES

Nothing in this Order shall limit or circumscribe in any manner any rights the Parties may have under common law or pursuant to any statute, regulation, or ethical canon.

## 22. ATTORNEYS' FEES

In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover costs, including reasonable attorneys' fees, incurred by it and, if so, the amount to be awarded.

Entered this 27th day of August, 2009

~~Honorable Mary L. Cooper, U.S.D.J.~~
DOUGLAS E. ARPERT, USMJ

16

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Eisai Inc., <br><br> Plaintiff, <br><br> v. <br><br> sanofi-aventis U.S. LLC, and <br> sanofi-aventis U.S. Inc., <br><br> Defendants. | Civil Action No. 08-4168 (MLC/DEA) |

## AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER

I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Discovery Confidentiality Order regarding Protected Material produced in discovery, entered on _____, (the "Confidentiality Order"), in the above-captioned litigation; that I have been given a copy of and have read the Confidentiality Order, and that I agree to be bound by its terms. I also understand that my execution of this Agreement to Be Bound by Discovery Confidentiality Order ("Agreement"), indicating my agreement to be bound by the Confidentiality Order, is a prerequisite to my review of any information or documents designated as Protected Material pursuant to the Confidentiality Order.

I further agree that I shall not disclose to others, except in accord with the Confidentiality Order, any Protected Material, in any form whatsoever, and that such Protected Material and the

[Washington DC #420094 v1]

information contained therein may be used only for the purposes authorized by the Confidentiality Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Protected Material and further information will continue even after this litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Confidentiality Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court, District of New Jersey, for the purposes of any proceedings relating to enforcement of the Confidentiality Order.

I further agree to be bound by and to comply with the terms of the Confidentiality Order as soon as I sign this Agreement, whether or not the Confidentiality Order has yet been entered as an Order of Court.

Date: _____     By:_____

STATE OF_____
COUNTY OF_____

Subscribed and sworn to before me this \_\_\_\_day of _____, 2009.

NOTARY PUBLIC
Print Name _____
Commission Expires: _____
Commission No._____

[Washington DC #420094 v1]