**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EISAI INC., | CIVIL ACTION NO. 08-4168 (MLC) |
| Plaintiff, | **O R D E R** |
| v. | |
| SANOFI-AVENTIS U.S., LLC, et al., | |
| Defendants. | |

**THE COURT** having entered a memorandum opinion and an order on August 10, 2010 ("8-10-10 Mem. Op. & Order"), denying a motion to dismiss or, in the alternative, for summary judgment by defendants, sanofi-aventis U.S., LLC and sanofi-aventis U.S., Inc. ("defendants") (dkt entry nos. 119, 120); and defendants moving pursuant to 28 U.S.C. § ("Section") 1292(b) for certification for interlocutory appeal of the 8-10-10 Order and a stay of these proceedings (dkt. entry no. 122); and defendants contending that the 8-10-10 Mem. Op. & Order involve a "controlling question of law," specifically, "[w]hether the exclusive distributor of a product . . . has standing to pursue antitrust claims against a manufacturer of a competing product" (dkt. entry no. 122, Def. Br. at 3); and

**THE PLAINTIFF**, Eisai Inc. ("plaintiff") opposing the motion and arguing, <u>inter alia</u>, that defendants' appeal (1) does not involve a controlling question of law, (2) does not address any

issues where there is substantial ground for a difference of opinion, and (3) would not materially advance the litigation (dkt. entry no. 128, Pl. Br.); and plaintiff further opposing defendants' application for a stay of these proceedings because a stay pending appeal would constitute needless delay and cause contemporaneous financial harm to Eisai, as well as anti-competitive harm to the market (id. at 13-15); and plaintiff contending that "Defendant's [sic] proposed question states a legal rule that forms no part of the August 10 Opinion [and] is also unhelpful and misleading" (id. at 8); and

> **IT APPEARING** that Section 1292(b) provides:
>
> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [the Court] shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b); and thus, it appearing that to obtain a certificate pursuant to Section 1292(b), the movant must demonstrate that the Court's order (1) involves a controlling question of law, (2) offers substantial ground for a difference of opinion as to its correctness, and (3) if appealed immediately, will materially advance the ultimate termination of

2

the litigation, Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974); see Premick v. Dick's Sporting Goods, Inc., No. 06-0530, 2007 U.S. Dist. LEXIS 11813, at *2 (W.D. Pa. Feb. 20, 2007); Speeney v. Rutgers, Nos. 02-959, 02-960, 02-961, & 02-963, 2007 U.S. Dist. LEXIS 9554, at *9-*10 (D.N.J. Feb. 9, 2007); and it further appearing that the decision to grant a Section 1292(b) certification for interlocutory appeal "is wholly within the discretion of the courts," even when the movant satisfies all three requirements, Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976) (citation omitted); Speeney, 2007 U.S. Dist. LEXIS 9554, at *10 (noting that certification is entirely in the district court's discretion even when all three Section 1292(b) criteria are met); and

**THE COURT** noting that "certification is appropriate only in exceptional cases", Speeney, 2007 U.S. Dist. LEXIS 9554, at *10, "where an immediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation," Milbert v. Bison Labs., 260 F.2d 431, 433 (3d Cir. 1958); and the Court also noting that a motion under Section 1292(b) "should not be granted merely because a party disagrees with the rulings of the district judge," but instead there must be genuine doubt about the correct legal standard, Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996); and

3

**THE COURT OBSERVING** that whether a party has standing to bring an action is a question of law, see, e.g., McCarthy v. Recordex Serv., Inc., 80 F.3d 842, 847 (3d Cir. 1996) ("The issue of antitrust standing is a legal issue, over which we exercise plenary review."); In re Lower Lake Erie Iron Ore Antitrust Litig., 998 F.2d 1144, 1164 (3d Cir. 1993) (exercising "plenary review over application of the legal principle of standing"); accord Bubar v. Ampco Foods, Inc., 752 F.2d 445, 447 (9th Cir. 1985); and the Court further observing that the question of plaintiff's antitrust standing is a "controlling" one for purposes of this action, see Katz, 496 F.2d at 755 ("'controlling' means serious to the conduct of the litigation, either practically or legally"); and

**THE COURT FINDING** that defendants have shown that there are substantial grounds for a difference of opinion on the question of whether an exclusive distributor of a product has standing to pursue antitrust claims against a manufacturer that is also a distributor of a competing product (Def. Br. at 6-10; see also 8-10-10 Mem. Op. at 10 ("The antitrust standing inquiry . . . 'is not a black-letter rule, but rather, is essentially a balancing test comprised of many constant and variable factors'" (citing City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 264-65 (3d Cir. 1998)))); and

4

**THE COURT FINDING** that a reversal of such Order would materially advance the ultimate termination of this action, because if plaintiff were found on appeal to lack antitrust standing, the need for discovery and trial would be eliminated, or a different plaintiff would have to emerge, cf. 2660 Woodley Rd. Joint Venture v. ITT Sheraton Corp., 369 F.3d 732, 743 (3d Cir. 2004); and the Court observing that extensive discovery has not yet taken place in this action, such that interlocutory appeal of the 8-10-10 Mem. Op. & Order would not cause excessive delay, cf. Kapossy, 942 F.Supp. at 1004 (emphasizing that excessive delay is less likely where the certification question arises "early in the procedural history of the case" and concluding certification would cause excessive delay where discovery had concluded, in limine motions had been decided, and trial was scheduled); and

**THE COURT NOTING** defendants' argument that the Court may have applied an incorrect legal standard in the 8-10-10 Mem. Op. & Order by denying defendants' motion for summary judgment for plaintiff's lack of standing as to whether plaintiff suffered an antitrust injury "where Eisai presented no evidence to support such a finding" (Def. Reply Br. at 4; see also Def. Br. at 10); and defendants further suggesting that the Court improperly relied on its earlier ruling denying defendants' motion to dismiss the antitrust claims, "which was based solely on

5

allegations in the complaint" (Def. Reply Br. at 4); and the Court observing that the test for antitrust standing is set forth in Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 535 & n.31 (1983) ("AGC"); and the Court further observing that the first two AGC factors, causal connection between alleged antitrust violation and harm to plaintiff, and type of injury alleged, inquire whether the plaintiff has suffered an "antitrust injury," see Novell, Inc. v. Microsoft Corp., 505 F.3d 302, 311 (4th Cir. 2007); and the Court observing that it held in the 8-10-10 Mem. Op. & Order that Eisai had satisfied the first prong of the antitrust injury inquiry, based on the existence and terms of the "Lovenox Acute Contract Value Program," although the Court did refer to plaintiff's allegations in the Complaint for context and because the first AGC factor expressly refers to alleged injury (8-10-10 Mem. Op. at 19-22); and the Court further observing that the second AGC factor also expressly refers to the "type of injury alleged," and that the Court held that plaintiff had indeed alleged the type of injury the antitrust laws were intended to redress, based on, inter alia, plaintiff's expert's declaration that the defendants' discount program "causes an anticompetitive effect on the market" (id. at 23); and the Court thus determining that, although it considered the motion one for summary judgment, plaintiff did not bear the burden at that juncture of proving its claims of

antitrust violations, see, e.g., Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., No. 88-499, 1990 WL 156107, at *2 (D.N.J. Oct. 15, 1990) (denying motion seeking Section 1292(b) certification of denial of defendant's motion for summary judgment, noting that plaintiff had antitrust standing based on plaintiff's allegations of harm), antitrust standing aff'd, 995 F.2d 425, 429-31 (3d Cir. 1993); and the Court having previously instructed the parties that the merits of plaintiff's antitrust claims would not be properly before the Court at such juncture, defendants' argument in support of its motion for certification notwithstanding (dkt. entry no. 129, Def. Reply Br. at 4-5; see 8-10-10 Mem. Op. at 8 n.5); and

**THE COURT DETERMINING** that defendants have shown that the grant of a certificate of appealability pursuant to Section 1292(b) is appropriate; and the Court thus intending to grant the motion insofar as it seeks review of the Court's holding that plaintiff has antitrust standing, and a stay of these proceedings; and the Court having reviewed and considered carefully the papers submitted by both plaintiff and defendants; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and for good cause appearing;

**IT IS THEREFORE** on this 9th day of September, 2010, **ORDERED** that the part of defendants' motion seeking certification for interlocutory appeal (dkt. entry no. 122), which arises from this Court's memorandum opinion and order dated August 10, 2010 (dkt. entry nos. 119, 120) is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Court's memorandum opinion and order, dated August 10, 2010, are **CERTIFIED** for appellate review pursuant to 28 U.S.C. § 1292(b); and

**IT IS FURTHER ORDERED** that the part of defendants' motion seeking a stay (dkt. entry no. 122) is **GRANTED**; and

**IT IS FURTHER ORDERED** that these proceedings are **STAYED** pending resolution of the interlocutory appeal to the United States Court of Appeals for the Third Circuit.


      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge