**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Eisai Inc.,<br><br>Plaintiff,<br><br>v.<br><br>sanofi-aventis U.S. LLC, and<br>sanofi-aventis U.S. Inc.,<br><br>Defendants. | Civil Action No. 3:08-cv-04168 (MLC) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL RESPONSES TO DEFENDANTS'
SECOND SET OF INTERRAGATORIES AND DEPOSITION TESTIMONY**


OF COUNSEL:

David I. Gelfand
Patricia M. McDermott
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 974-1500

Lev L. Dassin
Arminda B. Bepko
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Liza M. Walsh
Rukhsanah L. Lighari
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

*Attorneys for Defendants
sanofi-aventis U.S. LLC and
sanofi-aventis U.S. Inc.*

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 4

A. It Is Clear From Eisai's Responses That It Has Withheld Information .......... 4

B. Eisai Cannot Credibly Claim That All Lost Business Was Due To sanofi-aventis US's Allegedly Anticompetitive Conduct .......... 5

C. Eisai Inappropriately Conflates Causation and Damages .......... 7

D. Sanofi-aventis US's Interrogatories Seek Facts And Cannot Be Construed As Contention Interrogatories .......... 8

E. Sanofi-aventis US Is Presently Entitled To A Rule 30(b)(6) Deposition .......... 9

III. CONCLUSION .......... 11

## TABLE OF AUTHORITIES

***Cases***

*Barr Labs., Inc. v. Abbott Labs*, 978 F.2d 98 (3d Cir. 1992)........................................................6

*DiSantis v. Smith of Philadelphia*, 1987 WL 28357 (E.D. Pa. Dec. 18, 1987)........................................................10, 11

*Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93 (E.D. Pa. 1992)........................................................9

*Hickman v. Taylor*, 329 U.S. 495 (1947)........................................................11

*In re Auto. Refinishing Paint Antitrust Litig.*, No. MDL 1426, 2006 WL 1479819 (E.D. Pa. May 26, 2006)........................................................9

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328 (N.D. Ca. 1985)........................................................9

*LePage's Inc. v. 3M*, 324 F.3d 141 (3d Cir. 2003)........................................................7

*Ortho Diagnostic Sys. v. Abbot Labs.*, 920 F. Supp. 455 (S.D.N.Y. 1996)........................................................6

*Sempier v. Johnson & Higgins*, 45 F.3d 724 (3d Cir. 1995)........................................................3

*Twentieth Century Fox Film Corp. v. Marvel Enters.*, 2002 U.S. Dist. LEXIS 14682 (S.D.N.Y. Aug. 8, 2002)........................................................10

*United States v. Proctor & Gamble Co.*, 356 U.S. 677 (1958)........................................................10

*Virgin Atl. Airways v. British Airways*, 257 F.3d 256 (2d Cir. 2001)........................................................7

*Westman Comm'n Co. v. Hobart Corp.*, 541 F. Supp. 307 (D. Colo. 1982)........................................................8

***Rules***

Federal Rule of Civil Procedure 26(b)(1)........................................................7

Federal Rule of Civil Procedure 26(d)(2)........................................................10, 11

Federal Rule of Civil Procedure 30........................................................1

Federal Rule of Civil Procedure 30(b)(6)........................................................1, 10, 12

Federal Rule of Civil Procedure 33........................................................1

Federal Rule of Civil Procedure 37........................................................1

Local Civil Rule 33.1(a)........................................................3

Defendants sanofi-aventis U.S. LLC and sanofi-aventis U.S. Inc. (collectively, "sanofi-aventis US"), respectfully submit this memorandum of law in support of their Motion to Compel Responses to Defendant's Second Set of Interrogatories and Deposition Testimony. Pursuant to Federal Rules of Civil Procedure 30, 33 & 37, Defendants move the Court to compel Eisai Inc. ("Eisai" or "Plaintiff") to appropriately respond to the interrogatories propounded and produce a competent witness on the topics covered in those interrogatories.[1]

## I. INTRODUCTION

As the Court is aware, Eisai refuses to identify the customers it is currently aware of who have refused to do business with Eisai as a result of the Lovenox Discount Program and alleged misconduct that is at issue in this case. Sanofi-aventis US has attempted to get this information a number of ways, including through interrogatories and by issuing Notice of a Rule 30(b)(6) deposition for a witness knowledgeable about these topics.[2] After several meet and confer discussions, an exchange of letters between the parties, an informal application to this Court and conference with Your Honor on this issue, Eisai continues to refuse to provide this rudimentary information or to produce such a witness.[3] We therefore have no choice but to move for an Order from the Court requiring that Eisai comply with these simple and fundamental discovery requests, as Your Honor permitted us to do.

---

[1] Given that the parties have already presented arguments on this dispute, both in letter form and in person during the April 27, 2011 conference, sanofi-aventis US respectfully requests that this motion be included among the items to be resolved during the May 10, 2011 conference with the Court, if not before.

[2] The Second Set of Interrogatories ("sanofi-aventis US Interrogatories") were served on Eisai on January 10, 2011, and Eisai's Responses and Objections ("Eisai's Responses") were served on February 14, 2011.

[3] All exhibits referenced herein are attached to the Declaration of David I. Gelfand in Support of Defendants' Motion to Compel Responses to Defendants' Second Set of Interrogatories dated May 3, 2011 ("Gelfand Decl.").

Whether the Lovenox Discount Program and other alleged misconduct actually caused customers to refuse to buy Fragmin, as opposed to numerous other factors like customer preferences, Eisai's failure to offer competitive discounts, inadequate marketing and customer service by Eisai, etc., is of critical importance to whether Eisai can prevail on its claims. Accordingly, sanofi-aventis US asked Eisai to identify the customers within its knowledge who have refused to do business with Eisai as a result of the discount and alleged misconduct, describe the circumstances known to Eisai about each instance, and identify the individuals at Eisai and at the customers who were involved. Sanofi-aventis US requests the information that Eisai currently is aware of so that we may begin taking discovery from those customers and individuals to negate Eisai's allegations of causation.

Specifically, sanofi-aventis US's Interrogatories 2, 3 and 4 request the following information currently known to Eisai: (1) the identity of every customer lost or who refused to place Fragmin on a formulary as a result of sanofi-aventis US's allegedly anticompetitive conduct, and for each such customer, provide (a) the names of the Eisai employees knowledgeable about each customer, (b) the names of all employees at each customer with whom Eisai discussed the purchase or potential purchase of Fragmin or placement or potential placement of Fragmin on a formulary, and (c) a description of the circumstances relating to any purported lost sale, lost placement on a formulary, or incident; (2) what Eisai did, if anything, to respond to such alleged lost sales, lost placement on any formulary, and any incident described in response to Interrogatory numbers 2 & 3; and (3) the circumstances and bases for the alleged incidents.[4]

---

[4] It's worth noting that the Local Civil Rules governing the District of New Jersey instruct that "each question shall be answered separately in the space allowed." L. Civ. R. 33.1(a). Further, the Third Circuit has recognized that answers to interrogatories must be "separate and complete"

While Eisai provided the names of four customers who purportedly told Eisai one thing or another about their Lovenox contracts and the names of 10 other customers that allegedly have not purchased Fragmin (for reasons that are unclear from Eisai's Responses), it apparently made no attempt to provide a complete list. Indeed, most of the examples it did provide were vague (for example, referring to a customer in a particular geographic region without naming the customer), and Eisai has failed to provide any information at all identifying the knowledgeable individuals.

Rather than provide the information requested, Eisai maintains that ***all*** Lovenox customers in the United States may have bought less Fragmin than they otherwise would have; that is, all 5,000 hospitals in the United States regardless of their circumstances. This response is absurd and completely frustrates the purposes of discovery under the Federal Rules of Civil Procedure. All sanofi-aventis US seeks is to have the same information ***currently*** known to Eisai -- not to require Eisai to further inspect all the files of its sales force or conduct interviews. By its own admission, Eisai has already conducted an investigation of these issues, which arguably must have revealed the identities of such customers and salespersons at Eisai who communicated with them or Eisai could not have identified the states and other geographic regions where these customers are purportedly located. (Gelfand Decl. Ex. B at 5-6.)

Eisai's position that this discovery is premature because evidence of anticompetitive behavior should be found in sanofi-aventis US's files completely ignores the fact that Eisai's knowledge of allegedly anticompetitive behavior is nonetheless relevant and

---

unless specific objections are raised. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). Eisai's failure to propound separate answers to each interrogatory subpart further demonstrates wanton disregard of the duties imposed under both the Federal Rules of Civil Procedure, as well as the Local Rules adopted in this District.

discoverable. Eisai is still under an obligation to provide the information in its possession about the particular customers it is aware of who purchased less Fragmin as a result of the conduct alleged in the Complaint, regardless of what it hopes to find in sanofi-aventis US's productions. If Eisai is not aware of any such customer and is basing its entire case on a general proposition, then it should say so and both sanofi-aventis US and the Court can assess the case accordingly.

## II. ARGUMENT

In its April 8, 2011 Letter to Judge Arpert, sanofi-aventis US fully laid out the specific interrogatories sought, why Eisai's Responses are necessary and the reasons why Eisai's Responses are deficient. (Gelfand Decl. Ex. H. ("sanofi-aventis US's April 8 Letter").) For the sake of brevity, sanofi-aventis US will not repeat these points again, but rather incorporates by reference the April 8 Letter into the instant Motion, and will address only the objections raised by Eisai in its April 19, 2011 letter to the Court and those made at the April 27, 2011 conference ("the April 27 Conference") with the Court. (Gelfand Decl. Ex. I ("Eisai's April 19 Letter").)

### A. It Is Clear From Eisai's Responses That It Has Withheld Information

Eisai claims that its answers to interrogatories are complete, but it is clear from Eisai's Responses that it has withheld information currently in its possession. Eisai has admitted to conducting an investigation of the relevant facts and its responses to interrogatories were derived "[t]hrough its investigation" and "through its interaction in the field with customers and with Lovenox representatives." (Gelfand Decl. at Ex. B at 5-6.) To now suggest that Eisai cannot identify those customers without searching the documents of the entire sales force is incomprehensible. In its responses, rather than specifying names, the customers are identified only through broad geographic descriptions, such as "at least one customer in Texas," "a customer hospital in New York," "customers in California and the Pacific Northwest," "a customer in Virginia," "a customer in Michigan," "a customer in Wisconsin," and "accounts in

Chicago and other parts of the northern Midwest[.]" *Id.*[5] At a minimum, Eisai must currently know the identity of the customers referenced by state or by region and should be compelled to produce them. In addition, Eisai must have learned of those customers from an Eisai sales representative or other Eisai employee and should be compelled to identify those individuals.

The vagueness of these responses and the fact that Eisai provides only "some examples" of allegedly lost business also suggests that there is even more information currently known to Eisai, the production of which should also be compelled. (Gelfand Decl. Ex. B at 5.) If, however, there are no additional instances of business lost as a result of sanofi-aventis US's allegedly anticompetitive behavior, Eisai should be Ordered to confirm it.

B. Eisai Cannot Credibly Claim That All Lost Business Was Due To sanofi-aventis US's Allegedly Anticompetitive Conduct

Eisai's claim that ***every*** Lovenox customer who purchased the anticoagulant pursuant to the Lovenox Discount Program may have purchased less Fragmin than it otherwise would have is simply non-responsive. (*See* Gelfand Decl. Ex. B at 4, 7-8.) Eisai's position is also indefensible in light of the fact that its counsel admitted during the Meet and Confer that the purported examples cited in Eisai's Responses may not actually represent business lost as a result of anticompetitive behavior, but rather could reflect business lost for some other reason. Thus, by Eisai's own admission, not every lost customer or sale was lost as a result of the Lovenox Discount Program.

The fact is the burden rests with Eisai to show that it was foreclosed from competition in a large portion of the market. *See, e.g.*, *Barr Labs., Inc. v. Abbott Labs*, 978 F.2d

[5] It should be noted that Eisai's "examples" identified in its Objections and Answers to Defendants' Second Set of Interrogatories are almost identical to the "examples" identified in Eisai's Supplemental Objections and Answers to Defendants' First Set of Interrogatories, served September 2, 2009. (*See* Gelfand Decl. Ex. J at 6-8.)

98, 113-14 (3d Cir. 1992) (finding plaintiffs failed to prove defendants excluded them from competing in the market, despite defendant's high market share). Eisai must also establish that it is economically impossible to complete sales given sanofi-aventis US's allegedly anticompetitive conduct. *See, e.g.*, *Ortho Diagnostic Sys. v. Abbot Labs.*, 920 F. Supp. 455, 468 (S.D.N.Y. 1996) (finding no fault with defendant's discounts because plaintiff had cut its prices to compete with defendant and could cut prices even further and still operate at a profit). It is difficult to understand how Eisai can intend to satisfy its burden merely by stating that it assumes every customer has been affected. At this stage in discovery, however, it is surely not sufficient for Eisai to provide vague answers and point to the hope that it will have an expert who at some point in the future will make that claim. (Gelfand Decl. Ex. I at 4-5.) In seeking an order compelling Eisai to supplement its inadequate interrogatory responses, sanofi-aventis US is seeking merely the factual information that Eisai has about lost business, if any.

Eisai's meritless general assertion that all customers have been affected – regardless of whether Eisai actually attempted to sell to any of them – will be addressed in due course in the litigation but for present purposes, it does not relieve Eisai of its obligation to provide specific information about specific customers known to it. Nor does it entitle Eisai to assert a blanket refusal to identify a single employee of the company or of any customer who is knowledgeable about any instance in which Eisai was unable to make a sale due to the Lovenox Discount Program, or to coyly refer to customers without providing their names, or to refuse to provide any information about steps Eisai took to compete for those customers. Such hide-the-ball tactics have no place in an antitrust action where the core allegation is that the plaintiff has been unable to compete against a discount.

C. Eisai Inappropriately Conflates Causation and Damages

Eisai's position that the calculation of damages is necessarily uncertain and does not have to be itemized is beside the point. (Gelfand Decl. Ex. I at 4-5.) Regardless of how Eisai might hope to prove damages someday, the standard for discoverability is whether the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Eisai has effectively conceded the relevance of this discovery and has not asserted any objection based on burden.

This is not surprising because in cases where competitors have challenged the discount or incentive programs of competitors, plaintiffs have actually provided evidence relating to specific customers to demonstrate antitrust injury. *See, e.g.*, *LePage's Inc. v. 3M*, 324 F.3d 141, 158 and n.12 (3d Cir. 2003) (noting that plaintiff introduced evidence about what happened with specific customers, including Kmart, Staples, Sam's Club, and National Office Buyers, and testimony from management level employees about sales efforts and price concessions plaintiff made in response to lost sales); *Virgin Atl. Airways v. British Airways*, 257 F.3d 256, 270-71 (2d Cir. 2001) (distinguishing case from *LePage's* where plaintiff "introduced exhibits showing that specific customers felt compelled to purchase products under defendant's bundling program because the plaintiff could not match the discounts," and affirming a grant of summary judgment because plaintiffs failed to introduce evidence that buyers were coerced by the incentive programs or that plaintiffs were unable to match the offered loyalty discounts). That sanofi-aventis US is entitled to take discovery of similar evidence in Eisai's possession in this case is so obvious that it should not even be a point of contention.

Moreover, Eisai's argument ignores the fact that before getting to damages, Eisai must first prove that it suffered a competitive injury that was caused by sanofi-aventis US's allegedly anticompetitive conduct. The discovery sought is not an effort to tally the amount of

damages, but rather to test whether Eisai has in fact been foreclosed from selling to hospitals at all. The cases cited by Eisai actually support this point. "In a private antitrust action the plaintiff must prove to a reasonable certainty that the defendant's violation of the antitrust laws proximately caused the plaintiff some damage." *Westman Comm'n Co. v. Hobart Corp.*, 541 F. Supp. 307, 312-13 (D. Colo. 1982) (internal citations omitted).

Accordingly, the information sought in the interrogatories at issue – including the currently known identities of persons knowledgeable about incidents where a customer refused to purchase Fragmin or place it on formulary because of the Lovenox Discount Program, as well as the location of witnesses – must be provided to sanofi-aventis US. And if Eisai is not aware of a single specific customer that purchased less Fragmin as a result of the Lovenox discount, then it should say so rather than dancing around the issue with vague and evasive interrogatory responses.

D. Sanofi-aventis US's Interrogatories Seek Facts And Cannot Be Construed As Contention Interrogatories

As the Court appreciated during the April 27 Conference, sanofi-aventis US's interrogatories cannot be construed as contention interrogatories as Eisai suggests. (Gelfand Decl. Ex. I at 5-6.) Contention interrogatories call for another party to indicate what it contends or to explain a legal basis for a contention. *See Fischer and Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992) (citing *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Ca. 1985)). Sanofi-aventis US's interrogatories merely request information about facts, potential witnesses, specific events and information concerning those events and therefore cannot be construed as contention interrogatories. *In re Auto. Refinishing Paint Antitrust Litig.*, No. MDL 1426, 2006 WL 1479819, at *4 (E.D. Pa. May 26, 2006) (holding that interrogatories seeking specific factual support for Plaintiffs' allegations were not contention interrogatories); *Fischer*,

143 F.R.D. at 96 (stating that "Interrogatories seeking the identity of witnesses and interrogatories seeking the location of documents or other tangible evidence may be sought while discovery is it its infancy."). Here, sanofi-aventis US is asking Eisai to provide details about incidents currently known—mainly the identity of customers or potential customers lost as a result of the Lovenox Discount Program; the names of Eisai's sales persons who are knowledgeable about customers or potential customers lost as a result of the Lovenox Discount Program and the circumstances surrounding business lost as a result of the Lovenox Discount Program.

E. Sanofi-aventis US Is Presently Entitled To A Rule 30(b)(6) Deposition

In addition to Eisai's refusal to provide complete responses to sanofi-aventis US's Interrogatories, Eisai has also inappropriately refused to produce a witness pursuant to Fed. R. Civ. P. 30(b)(6) that is competent on the topics set forth in the Interrogatories. Sanofi-aventis US served notice of such a deposition on March 23, 2011 ("Notice"), but Eisai contends that this deposition is "premature" and that it is under no obligation to produce a Rule 30(b)(6) witness until sanofi-aventis US completes its production of documents. (Gelfand Decl. Ex. F at 1.) It is inappropriate for Eisai to attempt to choose for sanofi-aventis US the manner or timing in which it conducts its discovery. Sanofi-aventis US is entitled to seek relevant discovery in a number of ways. Unless otherwise ordered by the court, the "methods of discovery may be used in any sequence," and use of one form of discovery does not preclude a party from seeking relevant, discoverable information by other means. Fed. R. Civ. P. 26(d)(2); *see also DiSantis v. Smith of Philadelphia*, 1987 WL 28357, at *2 (E.D. Pa. Dec. 18, 1987) ("the various methods of discovery are intended to be cumulative not alternative nor exclusive").

The very purpose of discovery is "[to] make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."

*Twentieth Century Fox Film Corp. v. Marvel Enters.*, 2002 U.S. Dist. LEXIS 14682, at *14 (S.D.N.Y. Aug. 8, 2002) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677 (1958)). To that end, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation ... [and] either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). While courts may intervene to prevent burdensome or duplicative discovery, successive use of both depositions and interrogatories may be employed "to require an adverse party to disgorge all relevant facts within his knowledge." *DiSantis*, 1987 WL 28357, at *2.

Through its Notice, sanofi-aventis US is utilizing an alternate method of gathering information currently known to Eisai about allegedly lost business as a result of sanofi-aventis US's purportedly anticompetitive behavior. Eisai has made no showing that producing knowledgeable witnesses on the 30(b)(6) topics contained in the Notice would be unduly burdensome or duplicative. In fact, David Trexler, the Eisai Vice President who verified Eisai's Responses must have some knowledge of the information that was obtained in order to provide his verification and would be an obvious choice for a witness.

In addition, Eisai's current knowledge of lost business is not contingent on documents produced by sanofi-aventis US, and as a result, there is no need to delay this deposition while sanofi-aventis US continues to produce documents as Eisai suggests. (Gelfand Decl. Ex. F at 1.) The Federal Rules expressly provide that "discovery by one party does not require any other party to delay its discovery," Fed. R. Civ. P. 26(d)(2), and consistent with principles of contemporaneous discovery from both parties, sanofi-aventis US respectfully requests that this Court order Eisai to promptly proceed with this 30(b)(6) deposition.

## III. CONCLUSION

For the reasons set forth above, sanofi-aventis US respectfully requests that the Court enter an Order, compelling Eisai to supplement its Answers to sanofi-aventis US's Interrogatory numbers 2, 3, and 4 to provide the following information currently known to Eisai: (1) a list of specific customers allegedly lost or who allegedly refused to place Fragmin on a formulary; (2) the names of the Eisai employees knowledgeable about each customer or incident described in the Answer to Interrogatory number 2; (3) the names of all employees at each customer with whom Eisai discussed the purchase or potential purchase of Fragmin or placement or potential placement of Fragmin on a formulary; (4) a description of the circumstances relating to any purported lost sale, lost placement on a formulary, or incident described in the Answer to Interrogatory number 2; (5) what Eisai did, if anything, to respond to such alleged lost sales, lost placement on any formulary, and any incident described in the Answer to Interrogatory number 2; and (6) the circumstances and bases for the alleged incidents listed in the Answer to Interrogatory number 2. Sanofi-aventis US also respectfully requests the Court to compel Eisai to produce a witness pursuant to Fed. R. Civ. P. 30(b)(6) who is competent in the topics covered in these interrogatories.

Respectfully Submitted,

**CONNELL FOLEY LLP**

*Attorneys for Defendants*
*sanofi-aventis U.S. LLC and*
*sanofi-aventis U.S. Inc.*

DATED: May 3, 2011

By: <u>*s/Liza M. Walsh*</u>
Liza M. Walsh
Rukhsanah L. Lighari
85 Livingston Avenue
Roseland, New Jersey 07068

(973) 535-0500

*Of Counsel*:

David I. Gelfand
Patricia M. McDermott
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2000 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 974-1500

Lev L. Dassin
Arminda B. Bepko
CLEARY GOTTLIEB
STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000