<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **EISAI INC.,** : | Civil Action No.: 08-4168 (MLC) |
| : | |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | AND ORDER |
| **SANOFI-AVENTIS U.S., LLC, et al.,** : | |
| : | |
| Defendants. : | |
| _____ : | |

**<u>ARPERT, U.S.M.J</u>**

This matter having come before the Court on the application of Plaintiff Eisai Inc. ("Plaintiff" or "Eisai"), by letter to the Court dated November 15, 2011, to compel Defendants Sanofi-Aventis U.S., LLC and Sanofi-Aventis, U.S., Inc. (collectively, "Defendants") to produce the deposition transcripts of those witnesses who gave sworn deposition testimony in a 2003 lawsuit brought by Organon Sanofi-Synthelabo LLC ("OSS") against Aventis Pharmaceuticals, Inc. ("Aventis") in which it was alleged that Aventis' Lovenox discount program was anticompetitive ("2003 OSS Litigation") and who are also being deposed in this action. Defendants submitted opposition to Plaintiff's application in a letter dated November 21, 2011. The Court conducted oral argument on October 19, 2011. Pursuant to an agreement among the Parties, the resolution of Plaintiff's application was deferred pending the mediation of this matter. For the reasons stated on the record and herein, Plaintiff's application to compel the production of deposition transcripts of those witnesses who gave sworn deposition testimony in the 2003 OSS Litigation is **DENIED**.

Because the facts of this case are well known to the parties, and in light of the numerous Opinions and Orders previously issued by this Court, the Court will simply recite the facts

relevant to this application and incorporates the facts set forth in its previous Opinions and Orders.

Plaintiff maintains that "prior sworn testimony...in an antitrust action over Lovenox contracting...is plainly relevant and discoverable" and "there can be no possible burden in forwarding copies of the small number [of] deposition...[transcripts]".  *See* Pl.'s Letter dated November 15, 2011 at 1.  Noting that this issue was raised with the Court as part of its application to compel the production of prior investigations, lawsuits and other proceedings (collectively, "prior proceedings") involving the sales, marketing, contracting, distribution and/or promotion of Lovenox (*see* dkt. entry no. 162), Plaintiff reiterates that during oral argument on October 19, 2011 the Court "indicated that such narrowly limited discovery could be relevant to 'all sorts of issues'" (Pl.'s Letter dated November 15, 2011 at 1).  At that time, the Court also "suggested that [defense counsel]...have a conversation...[with Plaintiff's counsel]", to which defense counsel agreed.  *Id*.  Plaintiff's counsel asserts that his "understanding from this exchange was that...[Defendants] had no objection to producing the transcripts by themselves because their discoverability was 'obvious' to even defense counsel".  *Id*. at 1-2.  Further, Plaintiff contends that "the Court's subsequent correspondence with both parties indicated it shared...[this] view".  *Id*. at 2.  Since the hearing on October 19, 2011, however, Plaintiff argues that Defendants have "changed [their] position" and "now refuse to produce any of these transcripts without a Court Order to do so" despite the fact that they "have already indicated...[that production] is not objectionable".  *Id*.  Plaintiff requests that the Court "compel production of the transcripts", maintaining that "[b]ecause of the discrete nature of this issue and the fact that [it] already moved for this limited discovery in its prior briefing and at the hearing, [Plaintiff] does not believe this [issue] warrants another round of time-consuming briefing".  *Id*.

2

In opposition, Defendants maintain that Plaintiff has misrepresented their position on this issue and "has not demonstrated that these transcripts are at all relevant to the instant lawsuit". *See* Def.'s Letter dated November 21, 2011 at 1. Defendants claim that "[a]t no time did...[they] concede the relevance of these depositions or agree to produce them and...[defense counsel's] statements in this regard are taken out of context". *Id*. Noting that the Court included language supporting their position related to this issue in its Memorandum Opinion and Order (*see* dkt. entry no. 162), Defendants argue that defense counsel "agreed only 'to meet and confer with Plaintiff's counsel regarding the production of prior sworn testimony'" from the 2003 OSS Litigation (*see* Def.'s Letter dated November 21, 2011 at 1). Thus, after the October 19, 2011 hearing, Defendants "considered...[their] position with respect to these deposition transcripts and determined that just as the 2003 OSS Litigation is irrelevant and not likely to lead to the discovery of admissible evidence in this matter, so too are the depositions that took place in connection with that litigation". *Id*. at 1-2. The parties met and conferred on this issue on October 27, 2011 and Defendants advised Plaintiff of their position on October 31, 2011. *Id*. at 2. Defendants claim that Plaintiff is attempting to circumvent the Court's determination that "the subject matter of the 2003 OSS Litigation is not relevant to the instant lawsuit" by speculating that "the deposition transcripts could be relevant...to show the bias of a particular witness". *Id*. Citing *Rhone-Poulenc Rorer Inc. v. Aetna Cas. & Sur. Co.*, 1991 WL 183842, at *3 (E.D. Pa. 1991), Defendants argue that Plaintiff fails to "give any explanation as to what bias might exist for these witnesses" and "[m]ere speculation about potential bias or motive is not enough to justify discovery into irrelevant material". *Id*. As such, Plaintiff's "request for these transcripts should not be permitted". *Id*.

The Court notes that pursuant to FED. R. CIV. P. 26(b)(1), "parties may obtain discovery

3

regarding any nonprivileged matter that is relevant to any party's claim or defense...including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" and "the court may order discovery of any matter relevant to the subject matter involved in the action", although "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence".  "The Court notes...that there is a general policy of allowing liberal discovery in antitrust cases" and that, "[p]articularly where allegations of conspiracy or monopolization are involved, ...broad discovery may be needed to uncover evidence of invidious design, pattern or intent". *Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 217-18 (D. Del. 1985).  "Where there is doubt over relevance...[in antitrust cases], the rule indicates that the court should be permissive" assuming the discovery is relevant to either party's claim or defense or is relevant to the subject matter involved in the action. *American Health Systems, Inc. v. Liberty Health System*, 1991 WL 30726, at *2 (E.D. Pa. 1991); *see also Morgan Smith Automotive Products, Inc. v. General Motors Corp.*, 54 F.R.D. 19 (E.D. Pa. 1971).  Further, the Court acknowledges that "[t]he party resisting discovery has the burden of clarifying and explaining its objections and to provide support therefor". *Tele-Radio Systems, Ltd. v. De Forest Electronics, Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981); *see also Gulf Oil Corp. v. Schlesinger*, 465 F. Supp. 913, 916-17 (E.D. Pa. 1979); *Robinson v. Magovern*, 83 F.R.D. 79, 85 (E.D. Pa. 1979).

"However, despite this breadth, discovery is not without bounds...and courts will not permit parties to engage in fishing expeditions" because "the discovery rules are designed to assist a party to prove a claim that it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim" such that "the fact that discovery might uncover evidence

showing that a plaintiff has a legitimate claim does not justify the discovery request". *MacDermid Printing Solutions, L.L.C., v. E.I. du Pont de Nemours and Co.*, 2008 WL 323764, at *1 (D.N.J. 2008); *see also Unicasa Mktg. Group, LLC v. Spinelli*, 2007 WL 2363158, at 2 (D.N.J. 2007). Further, pursuant to FED. R. CIV. P. 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

"[A] discovery request may be denied if, after assessing the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues, the District Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the proposed discovery". *Takacs*, 2009 WL 3048471, at *1; *see also Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). "The purpose of this rule of proportionality is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry". *Takacs*, 2009 WL 3048471, at *1 (*citing Bowers v. National Collegiate Athletic Assoc.*, 2008 WL 1757929, at *4 (D.N.J. 2008)); *see also Leksi, Inc. v. Federal Ins. Co.*, 129

F.R.D. 99, 105 (D.N.J. 1989); *Public Service Group, Inc. v. Philadelphia Elec. Co.*, 130 F.R.D. 543, 551 (D.N.J. 1990).

Initially, the Court notes that correspondence dated October 20, 2011 emanating from these Chambers inaccurately stated that "defense counsel indicated that he was amenable to providing...[prior sworn testimony]" during the hearing held on October 19, 2011 and that the Court's ruling would correspond to this outcome. *See* October 20, 2011 E-mail from Chambers to Counsel attached to Pl.'s Letter dated November 15, 2011; *see also* October 19, 2011 Hearing Transcript attached to Pl.'s Letter dated November 15, 2011. Having had the benefit of reviewing the October 19, 2011 Hearing Transcript, the Court's Memorandum Opinion and Order dated November 7, 2011 denied Plaintiff's request to compel the production of prior proceedings and settlement materials related to the 2003 OSS Litigation while also indicating that defense counsel "agreed to meet and confer with Plaintiff's counsel regarding the production of prior sworn testimony related to the 2003 OSS Litigation". *See* dkt. entry no. 162 at 17-18; *see also* October 19, 2011 Hearing Transcript attached to Pl.'s Letter dated November 15, 2011. Given that the parties failed to reach agreement with respect to the deposition transcripts at issue here, and given the Court's previous finding that "the 2003 OSS Litigation involved different parties, different contractual structures, a different anticoagulant product (Arixtra) that had only very limited approved indications at the time, and related to Arixtra's inability to break into the market as a new entrant" (*see* dkt. entry no. 162 at 17; *see also* Def.'s Opp'n Letter dated April 28, 2011 at 6-7), the Court finds that prior sworn testimony related to the 2003 OSS Litigation is equally irrelevant and unlikely to lead to the discovery of admissible evidence in this matter. *See MacDermid Printing*, 2008 WL 323764, at *1; *see also Takacs*, 2009 WL 3048471, at *1. Pursuant to FED. R. CIV. P. 26(b)(2)(C), despite the fact that production of the materials requested

herein may be less burdensome than Plaintiff's request for the production of prior proceedings and settlement materials related to the 2003 OSS Litigation, the Court finds that "the burden or expense of the proposed discovery outweighs its likely benefit".

Having considered the papers submitted and the opposition thereto together with the parties' arguments during oral argument, and for the reasons set forth above and on the record;

**IT IS** on this 27th day of February, 2012,

**ORDERED** that Plaintiff's application to compel Defendants to produce the deposition transcripts of those witnesses who gave sworn deposition testimony in the 2003 OSS Litigation and are also being deposed in this action is **DENIED**.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**