NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EISAI INC., <br><br> Plaintiff, <br><br> v. <br><br> SANOFI-AVENTIS U.S., LLC, et al., <br><br> Defendants. | CIVIL ACTION NO. 08-4168 (MLC) <br><br> **MEMORANDUM OPINION** |

**COOPER, District Judge**

Plaintiff, Eisai Inc. ("plaintiff") earlier moved before the Magistrate Judge, through an informal application, to unseal all court records pertaining to the antitrust matter between plaintiff and defendants, Sanofi-Aventis U.S., LLC and Sanofi-Aventis U.S., Inc. (collectively "defendants"). (See docket entry no. ("dkt.") 424, 6-3-14 Pl.'s Letter Application.) Defendants opposed this application. (See dkt. 426, 6-19-14 Defs.' Opp'n.) The Magistrate Judge denied plaintiff's motion to unseal the record by an order dated August 4, 2014 ("August 2014 Order"). (See dkt. 431, 8-4-14 Order.) Plaintiff now appeals from the August 2014 Order. (See dkt. 435 & dkt. 440, Pl.'s Appeal; dkt. 442, Pl.'s Reply Br.) Defendants opposed the appeal. (See dkt. 438, Defs.' Opp'n Br.) This Court will resolve the appeal without oral argument. See L.Civ.R. 78.1(b). For the following reasons, this Court will affirm the August 2014 Order.

**I.     BACKGROUND**

The background of this case is extensive and well known to the parties at this juncture. In short, plaintiff alleged that defendants engaged in anticompetitive practices,

in violation of federal antitrust laws, in the sale of anticoagulant pharmaceuticals.  (See dkt. 1, Compl. at 2.)[1]

All of the parties, in connection with this litigation, demonstrated a strong interest in limiting public access to filed discovery documents.  On August 28, 2009, the Magistrate Judge entered a Protective Order ("August 2009 Protective Order") governing documents and testimony of all parties and nonparties.  (See dkt. 69, 8-28-09 Protective Order.)  The Magistrate Judge also entered two Protective Orders governing the discovery produced by nonparties, GlaxoSmithKline, LLC ("GSK") and Pfizer, Inc. ("Pfizer").  (See dkt. 73, 9-23-09 Disc. Order; dkt. 143, 5-19-11 Disc. Order.)

Plaintiff moved to modify the initial August 2009 Protective Order, and the Magistrate Judge denied that motion.  (See dkt. 201, 4-16-12 Mem. Op. & Order.)  The Magistrate Judge then appointed the Honorable John J. Hughes as a Special Master to address disputes regarding the confidentiality designations of specific documents.  (See dkt. 205, Appointment Order.)  Judge Hughes reviewed approximately 1,100 pages of documents with a confidentiality designation, and issued his Report and Recommendation on May 30, 2012.  (See dkt. 206, Report & Recommendation.)  As detailed in a 24-page opinion and a 50-page chart, this Report and Recommendation found in favor of defendants in approximately 80% of all of the documents challenged by plaintiff.  (See id.)

---

[1] A more extensive discussion of the substantive facts of this case can be found in this Court's Memorandum Opinion issued in response to the parties' cross-motions for summary judgment. (See dkt. 410, Mem. Op. at Sec. I.)

The parties, throughout the litigation, filed motions to seal various documents in accordance with Local Civil Rule 5.3(c); the Magistrate Judge granted all of those motions. (See dkt. 275–78; dkt. 317–18; dkt. 355; dkt. 366–70.) Further, during the February 18, 2014 hearing on the parties' cross-motions for summary judgment, this Court sealed the proceedings. (See dkt. 406, Tr. of Mot. Hearing.) This Court then issued an unredacted Memorandum Opinion on the cross-motions for summary judgment after consultation with and consent by the parties. (See dkt. 410, 3-28-14 Mem. Op. on Summ. J.) This Court now addresses plaintiff's appeal from the August 2014 Order.

## II.    STANDARD OF REVIEW

A magistrate judge possesses wide discretion to decide non-dispositive motions. See Miller v. Beneficial Mgmt. Corp., 844 F.Supp. 990, 997–98 (D.N.J. 1993); see also Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Grp. Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997) (holding that a magistrate judge has broad discretion to resolve discovery disputes). Litigants may appeal from a magistrate judge's decision to the District Court. See Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1). The Court may not reverse, modify, or vacate a magistrate judge's order addressing a non-dispositive motion absent a finding that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

"A finding is clearly erroneous only when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thomas v. Ford Motor Co., 137 F.Supp.2d 575, 579 (D.N.J. 2001) (internal quotation omitted). The Court cannot consider evidence that was not presented to the magistrate judge. Id. "A finding is contrary to law if the magistrate

3

judge has misinterpreted or misapplied applicable law." Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998); see Kounelis v. Sherrer, 529 F.Supp.2d 503, 518 (D.N.J. 2008). "The burden of showing that a ruling is 'clearly erroneous or contrary to law rests with the party filing the appeal.'" Kounelis, 529 F.Supp.2d at 518 (quoting Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J. 2004)). "Where a magistrate judge is authorized to exercise his or her discretion," however, "the decision will be reversed only for abuse of discretion." Rhett v. N.J. State, No. 07-1310, 2007 WL 1456199, at *1–2 (D.N.J. May 14, 2007) (emphasis added); see Kounelis, 529 F.Supp.2d at 518; Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998).

### III. DISCUSSION

#### A. Governing Legal Standards

Whether to seal or unseal documents is a discretionary matter. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978). While the public possesses a presumptive right to access materials filed with the court under both the common law and the First Amendment of the United States Constitution, the right is not absolute. See Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1070 (3d Cir. 1984). As a result, courts may exercise their inherent supervisory power to overcome the "strong presumption in favor of public access to all judicial records and documents" and to deny such access. Mosaid Tech. Inc. v. LSI Corp., 878 F.Supp.2d 503, 507 (D. Del. 2012).

"Indeed, the Federal Rules of Civil Procedure empower courts to make any order that justice requires to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden and expense,' including 'that a trade secret or other confidential research,

4

development, or commercial information not be revealed or be revealed only in a specified way.'" Id. (citing Fed.R.Civ.P. 26(c)). "[G]ood cause must be demonstrated to justify [an] order" that redacts or seals a judicial transcript. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (citations omitted). In order to establish good cause, the party seeking the seal must show that "'disclosure will work a clearly defined and serious injury to [that party].'" Id. (quoting Publicker, 733 F.2d at 1071). "Assessing whether good cause exists to seal a judicial transcript [or discovery documents] generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." Mosaid Tech., 878 F.Supp.2d at 508; see Pansy, 23 F.3d at 787.

  **B. August 2014 Order Examined**

The Magistrate Judge, contrary to plaintiff's assertions, never entered a blanket sealing order, and correctly balanced the competing public and private interests in determining whether to unseal the record in this case.

  **1. No Blanket Seal**

Over the course of this case, the Magistrate Judge considered and granted well over ten uncontested motions—filed by all parties—to seal portions of the parties' submissions. (See dkt. 275–77; dkt. 317–18; dkt. 355; dkt. 366–70; dkt. 423; dkt. 436.) The reason given by the parties in support of their motions to seal centered on the specific economic and business interests at issue in this antitrust matter, and argued that serious injury would result to the parties should their confidential information be made available to the public. (See dkt. 244-2, Certification of Defs.' Counsel.) In a certification filed by plaintiff in support of one of its motions to seal, plaintiff stated that the information it sought to seal contained "confidential

and proprietary information relating to Eisai's business involving the sale and marketing of Fragmin®." (See, e.g., dkt. 254-1, Certification of Pl.'s Counsel at ¶ 4.)

As defendants correctly elucidate, plaintiff never opposed a motion to seal filed in this case, nor has any member of the public sought to oppose a motion to seal, intervened to gain access to any sealed material, or voiced any opinion on the matter. (See dkt. 438 at 15.)[2] Further, not only did the parties file redacted portions of their respective submissions, providing the public with information to understand the basics of the litigation, but the Magistrate Judge appointed a Special Master to review the "confidential" documents and to ensure the appropriateness of the designation. As such, this Court agrees that plaintiff's allegation of a blanket seal on submissions in this case is "entirely without merit, and inconsistent with the procedural history of this matter." (See 8-4-14 Order at 3.)

### 2.  Balance of Interests

This Court, in an assessment of whether the Magistrate Judge correctly found that good cause existed to seal documents, must balance the public's presumptive right of access to information against the private parties' potential harm from disclosure. Mosaid Tech., 878 F.Supp.2d at 508; see Pansy, 23 F.3d at 787; Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991). The Magistrate Judge identified two specific interests here that must be balanced against the "strong presumption" of public access to the record: (1) the existence of business information in the documents, affecting the parties' competitive standing; and (2) the desire to protect nonparty disclosures in order to avoid

---

[2] This Court is citing the page designations imposed on the docket pursuant to the Electronic Case Filing System.

unnecessary harm to such nonparties.  See Bank of Am. Nat'l Trust v. Hotel Rittenhouse, 800 F.2d 339, 344 (3d Cir. 1986) (stating that "the strong common law presumption of access must be balanced against the factors militating against access."). (See 8-4-14 Order at 3).[3]

District courts possess the supervisory power to deny access to records where those records contain "sources of business information that might harm a litigant's competitive standing." Nixon, 435 U.S. at 598.  The need to protect commercially sensitive information has been a common refrain from all parties throughout this litigation.  The Magistrate Judge also recognized this need as legitimate, as evidenced by the Magistrate Judge's grant of more than ten motions to seal documents in this case.  Additionally, defendants demonstrated that the disclosure of specific confidential business documents contained in the record would likely lead to "significant competitive or commercial disadvantage." (See dkt. 438 at 6.)

District courts may also "appropriately exercise their discretion to deny copying for rebroadcast of evidence which may inflict unnecessary and intensified pain on third parties who the court reasonably finds are entitled to such protection." United States v. Criden, 648 F.2d 814, 829 (3d Cir. 1981) (emphasis added); see Westinghouse Elec. Corp., 949 F.2d at 662.  The nonparties GSK and Pfizer agreed to produce certain business documents due to the

---

[3] The United States Court of Appeals for the Third Circuit ("Third Circuit") remains quite consistent in limiting its inquiry to the common law right of public access to civil proceedings.  See, e.g., Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 161 n.6 (3d Cir. 1993); Westinghouse Elec. Corp., 949 F.2d at 659.  When the Third Circuit does examine the parallel right as it exists under the First Amendment, it does so only when a civil action to have a transcript unsealed is brought (or intervened in) by a member of the public.  See generally Publicker, 733 F.2d 1059.  Additionally, "the ordinary rule [is] that a federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available." Hagans v. Lavine, 415 U.S. 528, 547 (1974).  Thus, the Magistrate Judge did not abuse any discretion or commit error by declining to address the public's First Amendment right to access, as the Magistrate Judge recognized and considered the "strong" common law right.  See Bank of Am. Nat'l Trust, 800 F.2d at 344.  (See 8-4-14 Order at 3.)

security provided in the Protective Orders.  (See dkt. 73; dkt. 143.)  That fact, coupled with the district court's ability to protect documents produced by nonparties, weighs in favor of maintaining the seal on the record.

The Magistrate Judge, weighing the public access against the private harm, concluded that the private harms outweighed the presumption of access in this case.  (See 8-4-14 Order at 4.)  Based on this Court's review of the Magistrate Judge's application of the correct legal standards and his corresponding legal analysis, this Court fails to find any evidence that the Magistrate Judge abused his discretion in denying plaintiff's request for unsealing the record. As such, this Court will affirm the Magistrate Judge's August 2014 Order and deny plaintiff's motion.  See Abbott v. Lockheed Martin Corp., No. 06-701, 2009 WL 1973545, at *1, *3 (S.D. Ill. July 8, 2009) (affirming the Magistrate Judge's orders allowing certain documents to remain sealed, as the Magistrate Judge properly "winnowed out those documents" that would cause harm if unsealed).

### IV. CONCLUSION

For the reasons stated above, this Court finds that the Magistrate Judge committed neither an abuse of discretion nor an error of law by denying plaintiff's motion to unseal the record.  The Court will affirm the August 2014 Order.  The Court will issue an appropriate corresponding order.

    s/ Mary L. Cooper  
    **MARY L. COOPER**  
    United States District Judge

Dated: March 10, 2015